UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARQUE D. BROWN, | ) | CASE NO. 1:15 CV 1063 |
| Plaintiff, | )<br>) | JUDGE CHRISTOPHER A. BOYKO |
| v. | )<br>) | |
| IMRAAN N. HANIFF, et al., | ) | MEMORANDUM OF OPINION<br>AND ORDER |
| Defendants. | )<br>) | |

On May 27, 2015, Plaintiff *pro se* Marque D. Brown filed this *in forma pauperis* action against Defendants Imraan N. Haniff and Darlene Spahr. Plaintiff alleges in the Complaint that Defendants provided treatment to a 17 year-old female, Taisha Ramirez, at the Ashtabula County Medical Center Emergency Department, after she was injured in a domestic assault in the early morning of May 25, 2014. An attachment to the Complaint reflects her injuries came at the hands of Plaintiff, and that Ms. Ramirez, who was eight months pregnant, died from the injuries after returning to the emergency room later that morning. Plaintiff asserts medical negligence.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

Even construing the Complaint liberally, there is no suggestion of any possible basis for this Court's jurisdiction. Plaintiff does not invoke a federal statute in support of his claim, and diversity of citizenship between Plaintiff and Defendants does not exist. This action is therefore appropriately subject to summary dismissal. *Lowe v. Huffstutler*, No. 89-5996, 1990 WL 66822 (6th Cir. May 21, 1990). Further, to the extent Plaintiff may be seeking to assert rights on behalf of others, he may not do so, as there is no indication he is an attorney. *See* 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel").

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: September 14, 2015